# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WILLIAM GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:20-cv-01530-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 28) |

After successfully obtaining vacatur and remand of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $13,615.75. (*See* Doc. 28.) On May 25, 2022, Defendant filed an opposition asserting that the number of hours sought is unreasonable and should be reduced by half. (*See* Doc. 31.) For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED IN PART.

## I.　　BACKGROUND

Plaintiff filed this action on October 29, 2020, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On January 28, 2022, the Court issued an order vacating the ALJ's decision and remanding the case for further proceedings based on the ALJ's failure to properly evaluate medical opinion evidence. (Doc. 26.)

///

On April 26, 2022, Plaintiff filed a motion for EAJA fees, contending he is the prevailing party in this litigation and seeking a total award of $13,615.75. (*See* Doc. 28 at 8.) Defendant filed an opposition asserting that Plaintiff spent an unreasonable number of hours on this case. (Doc. 31 at 2–3.) Specifically, Defendant asserts that the 63.8 hours spent by Plaintiff's attorneys in this case was excessive, as "Plaintiff's brief raised just two run-of-the-mill issues: whether the administrative law judge erred in discounting (1) two physician opinions, and (2) Plaintiff's subjective complaints," and requests that the fee award be reduced by half. (*Id*.)

It is Plaintiff's motion for attorney's fees under the EAJA that is currently pending before the Court.

## II.     LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for

disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III. ANALYSIS

There is no dispute that Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. Plaintiff seeks an award of $13,615.75 in attorney fees, comprised of 63.8 hours of attorney time, payable to his attorney Jonathan O. Pena. (*See* Doc. 28.) The Commissioner does not dispute that her position is not substantially justified but contends that the hours Plaintiff requests are unreasonable, given that the case involved only two "run-of-the-mill issues" and experienced social security practitioners like Plaintiff's attorneys "should not have needed more than double the average time (30 hours) that a plaintiff's attorney typically spends on a district court social security case to research and draft arguments for these common issues." (Doc. 31 at 2–3.) The Commissioner recommends a reduction by half of the hours billed by Plaintiff's attorneys. (*See id.* at 4.) The Court thus considers below whether Plaintiff's request for attorney fees and expenses is reasonable.

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[1] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Id.* at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee

---

[1] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last accessed July 4, 2022). Plaintiff requests an hourly rate of $207.78 for attorney work performed in 2020 and $213.74 for work performed in 2021 and 2022, to which the Commissioner does not object. (Doc. 28-1 at 2; *see* Doc. 31.) These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit, with the requested 2021 and 2022 rate being less than the maximum rate of $217.54 for 2021.

awarded and the results obtained." *Id*. at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

According to Plaintiff's motion, the tasks completed by Plaintiff's attorneys Jonathan Pena, Esq., and Dolly Trompeter, Esq., include reviewing the ALJ's decision and the administrative record; drafting Plaintiff's opening brief and reply brief; and preparing the request for EAJA fees now pending before the Court. (*See* Doc. 28-1 at 2–3.) After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's attorneys (*see id.*), the Court finds that some of time expended by Plaintiff's attorneys is excessive and will make deductions, as described below.

### A. Time Expended on Briefing

Plaintiff's attorneys billed a total of 60.05 hours for work on Plaintiff's opening and reply briefs. (*See* Doc. 28-1 at 2–3.) On August 16, 2021, the attorneys billed 2.5 hours summarizing the medical evidence. (*See id.* at 2.) For the argument section of the opening brief, on August 18, 2021, they billed an additional 5.5 hours "[d]etail[ing] relevant portion of treating physician's Dr. Caton [medical source statement]-and relat[ing] extensive supporting objective evidence from both Dr. Caton and also the record as a whole," and, on August 22, 2021, they billed 3.0 hours detailing consultative examiner Dr. Michiel's medical source statement and other medical evidence. (*See id.*)

Upon review of Plaintiff's opening brief, the Court observes that the medical evidence detailed in the argument sections relating to Drs. Caton and Michiel appears to be copied verbatim, or with minor alterations, from the "Summary of Relevant Medical Evidence" section of the brief. (*Compare* Doc. 21 at 3–8 *with id.* at 9–12, and *id.* at 2–3 *with id.* at 18–19.) Accordingly, 6.5 hours will be deducted for the summation of the medical evidence in the argument section, as it is largely duplicative of the attorneys' prior work summarizing the medical evidence.

The attorneys also billed 4.0 hours for researching the "applicability of [specific and legitimate] standard to [treating physician medical source statements]" on August 18, 2021. (*See* Doc. 27-1 at 2.) Based on a review of opening briefs filed by Mr. Pena and his firm in other cases, it has become apparent to the Court that the discussion of the change in agency regulations and its effect on the "specific and legitimate standard" is boilerplate language that is included where the issue arises. (*Compare, e.g.*, Doc. 21 at 13–14 *with Vue v. Saul*, No. 1:20-cv-01179-EPG, Doc. 19 at 11–13 (filed May 13, 2021) *and Ceja v. Saul*, No. 1:20-cv-01267-EPG, Doc. 17 at 6–7 (filed June 24, 2021).) Therefore, the Court will deduct 3.0 hours from the August 18, 2021 entry for research.

On August 25, 2021, the attorneys billed 5.5 hours for researching and drafting the argument relating to the ALJ's rejection of Plaintiff's testimony. (*See* Doc. 27-1 at 3.) This argument is approximately two-and-a-quarter pages, with about one page comprised of mostly boilerplate language that is duplicative of other opening briefs filed by Mr. Pena's firm. (*Compare* Doc. 21 at 21–23 *with Russo v. Saul*, No. 1:19-cv-01453-SKO, Doc. 20 at 16–18 (filed Sept. 18, 2020) *and Singh v. Saul*, No. 1:19-cv-01791-SKO, Doc. 15 at 18–20 (filed Aug. 17, 2020).) Accordingly, the Court will deduct 3.5 hours of time spent on this argument, given its brevity and the fact that much of the language appears to be borrowed from existing briefing.

Finally, Plaintiff's attorneys billed 15.15 total hours reviewing the Commissioner's opposition and preparing the eight-page reply brief, yet the brief largely repeats the opening brief's arguments—in many instances reproducing sections *in toto*. (*Compare* Doc. 25 at 2–3 *with* Doc. 21 at 16–17; Doc. 25 at 4 *with* Doc. 21 at 18; Doc. 25 at 5–6 *with* Doc. 21 at 19–20; Doc. 25 at 7–8 *with* Doc. 21 at 22). Additionally, a large portion of Plaintiff's rebuttal as to ALJ's rejection of his testimony is nearly identical to briefing on this issue in reply briefs filed by Plaintiff's attorneys in

other cases.  (*Compare* Doc. 25 at 6–7 *with Vasquez v. Kijakazi*, Case No. 1:20-cv-00680-SKO, Doc. 21 at 2–3 (filed Oct. 1, 2021) *and Dara v. Kijakazi*, No. 1:21-cv-00460-SKO, Doc. 17 at 2–3 (filed Oct. 5, 2021).)  Thus, the Court finds that 5.0 hours is a reasonable amount of time for Plaintiff's attorneys to review the Commissioner's opposition and prepare the reply brief, and 10.15 hours will be deducted.

In reviewing Plaintiff's remaining hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  With this deference in mind—and considering the nature of this case, which raised three issues (i.e., the ALJ's evaluation of two medical opinions and discounting of Plaintiff's testimony) that were not complex or novel—the Court finds the remaining time expended by Plaintiff's attorneys on the various tasks, and the total time of 36.9 hours spent on the briefing (which includes the Court's deductions totaling 23.15 hours, above) to be reasonable.  *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (reasonableness determined by such factors as the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and the experience, reputation, and ability of the attorney); *see also Waters v. Saul*, No. 2:20-CV-00664-KJM-DMC, 2021 WL 1966207, at *2 (E.D. Cal. May 17, 2021) ("Many courts in the Ninth Circuit have awarded attorney's fees in social security cases for a range of 30 to 40 hours"); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000) (collecting cases noting courts commonly approve reasonableness of hours expended in the range between 30-40 hours in disability appeals).  The Court declines to make a 50 percent reduction as requested by the Commissioner.  (*See* Doc. 31 at 3.)

### B. Time Expended on EAJA Motion

Under the EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the Government over the amount of the fee award.  *See Comm'r INS v. Jean*, 496 U.S. 154 (1990); *see also Love v. Reilly*, 924 F. 2d 1492, 1497 (9th Cir. 1991).  Plaintiff seeks 3.75 hours for time spent drafting the EAJA fee motion and declaration in support. (Doc. 28-1 at 3.)  After independently reviewing the individual time entries on the timesheets

6

submitted by Plaintiff's attorneys (*see id*.), the Court deducts 2.25 hours from the time spent on the EAJA motion and declaration.  Having now reviewed several EAJA fee motions submitted by Mr. Pena's firm, it has become apparent to the Court that these motions and their accompanying declarations are substantially similar.[2]  (*Compare, e.g.*, Docs. 28 and 28-1 *with Ramirez v. Kijakazi*, No. 1:21-cv-00515*GSA, Docs. 24 & 24-1 (filed Sept. 27, 2021), *and Chavez-Alvarez v. Comm'r of Soc. Sec.*, No. 1:19-cv-01373-EPG, Docs. 29 & 29-1 (filed Oct. 1, 2021).)  While Plaintiff's attorneys are entitled to compensation for preparing the motion and declaration, the repetitive nature of these items warrants a reduction in time.  They will therefore be allowed 1.5 hours for this task. *See, e.g.*, *Lopez v. Astrue*, No. 1:10-CV-01012-AWI-GSA, 2012 WL 2052146, at *5 (E.D. Cal. June 6, 2012), *report and recommendation adopted*, No. 1:10-CV-01012-OWW, 2012 WL 2995486 (E.D. Cal. July 23, 2012) (observing "the similar nature of . . . EAJA petitions and billing statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion); *Fontana v. Astrue*, No. 1:10-cv-00932 DLB, 2011 WL 2946179, at *3 (E.D. Cal. July 21, 2011) (allowing 1.5 hours for preparation of the EAJA application).

### C.   Amount to Be Awarded

With the deductions set forth above, Plaintiff's attorneys expended 38.4 hours of compensable work in this action on behalf of Plaintiff, which the Court finds to be reasonable considering the tasks performed by counsel and the results achieved.  Plaintiff requests a rate of $207.78 for work performed in 2020 and $213.74 for work performed in 2021 and 2022.  (*See* Doc. 28-1 at 2.)  Accordingly, Plaintiff is entitled to an award of $8,186.76.[3]

///
///
///
///
///

---

[2] The Court observes that there appears to be a scrivener's error in Ms. Trompeter's declaration, which indicates that the administrative record in this case is 1,584 pages.  (*See* Doc. 28-1 at 1.)  The record filed on the docket, however, is 791 pages.  (*See* Doc. 11.)

[3] This amount was calculated by multiplying the time spent in 2020 (3.5 hours) by 207.78, multiplying the remaining compensable time (34.9 hours) by 213.74, and adding the two values.

7

### IV.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney's fees and expenses under the EAJA (Doc. 28) is GRANTED IN PART;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $8,186.76; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's attorneys, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees (*see* Doc. 28-2) and pay fees directly to Plaintiff's attorneys.

IT IS SO ORDERED.

Dated:   **July 7, 2022**                                   /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE